THE STATE v. TOD ROSSEAU AND HIS SURETIES.

In a *scire facias* an answer by sureties on a forfeited bail bond alleging that they had delivered the defendant to the sheriff, and that the defendant had been tried and convicted and a new trial granted, after which, without the knowledge or consent of his sureties, the sheriff had permitted him to go at large for the purpose of getting a new bond, and he thereby was permitted to escape—*held* sufficient.

APPEAL from Brazoria. Tried below before the Hon. A. P. McCormick.

On the thirteenth of February, 1871, Tod Rosseau, principal, and ten sureties, executed a bail bond in the sum of $250, conditioned for the appearance of the principal at the District Court of Brazoria county on the first Monday in May, 1871, to answer the charge of rape.

May 14, 1872, the bond was forfeited; and judgment *nisi* rendered against the obligors in the bond.

At the January term, 1873, the defendants served with citation answered:

"That said Tod Rosseau did appear at the May term of this honorable court, A. D. 1871, and at each succeeding term thereof until the January term thereof, A. D. 1872, when defendants delivered and caused said Rosseau to appear in said court; and said Rosseau was delivered by your defendants to the custody of the sheriff of Brazoria county, and said Tod Rosseau was tried and found guilty of rape, as charged in the indictment then pending against him in said court. Defendants further aver, that after the trial and conviction of said Rosseau a new trial was granted to said Rosseau, and that the sheriff of Brazoria county, without the knowledge or consent of your defendants, released said Rosseau and allowed him to go at large for the purpose of getting up a new bond, and that said Rosseau while so at large applied to Stephen S. Perry to go on a new bond, which said Perry refused to do, and that said Rosseau, failing to make a new bond, did make his escape, and has failed further to appear in this honorable court."

Upon trial the court ordered that the answer be sustained, and that the judgment *nisi* be set aside and annulled, from which the district attorney for the State appealed.

*Wm. Alexander, Attorney-General,* for the State.

No counsel for defendants.

McADOO, J.—We see no error in the judgment of the District Court.

In the exercise of a sound discretion—it being made to appear to the court that the appellees had, in good faith,

delivered the party for whom they stood as bail into the custody of the sheriff for trial—the sureties were held to have purged themselves under the judgment *nisi*.

We will not disturb the judgment of the District Court, and the same is affirmed.

AFFIRMED.